IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>MARTIN CORONA VALENZUELA,<br><br>                Defendant. | 8:18CR20<br><br>FINDINGS AND RECOMMENDATION |

This matter is before the Court on Defendant's Motion for Dismissal (Filing No. 23). An evidentiary hearing was held on October 22, 2018. Documentary evidence was received, and oral argument was heard at the hearing. No witnesses testified.

For the reasons set forth below, the undersigned will recommend that the motion be denied.

## FACTS

On January 17, 2018, Defendant was indicted for conspiracy to distribute heroin and methamphetamine. (Filing No. 1.) According to the indictment, the conspiracy allegedly began on or about February 2, 2013, and continued to January 9, 2018. (Filing No. 1.) The government contends that the indictment stems from Defendant's alleged use of other inmates' telephone privileges to conspire with others to have drugs delivered to a federal prison. The drugs at issue were found on September 29, 2014 in a package shipped to the federal prison. (Ex. 101.) According to the discovery materials provided to Defendant, the last telephone call claimed to have been made by Defendant occurred on October 6, 2014. (Ex. 101.)

The individual identified as the one responsible for arranging for the mailing of the package was arrested on October 9, 2014. (Ex. 101.) He was indicted on October 20, 2014 in the United States District Court for the District of Nebraska, and subsequently pled guilty. He was sentenced to prison on July 15, 2015. (Ex. 103.)

The individual to whom the package was addressed, who was a chaplain in the federal prison, pled guilty and was convicted in the Eastern District of Texas for Bribery of a Public Official.  He was sentenced to a term of one year and one day in prison on June 13, 2017.  (Ex. 104.)

The six inmates whose identities were allegedly used by Defendant were housed in the same federal prison as Defendant.  Of these six inmates, three are still in federal custody.  (Ex. 102.)  Defendant remains in federal custody and has been in custody at all relevant times.

## DISCUSSION

Defendant contends that the indictment should be dismissed because the government delayed bringing an indictment in an intentional effort to gain a tactical advantage.  A defendant claiming a due process violation for pre-indictment delay has the burden of showing that "(1) the delay resulted in actual and substantial prejudice to the presentation of his defense; and (2) the government intentionally delayed his indictment either to gain a tactical advantage or to harass him." *United States v. Jackson,* 446 F.3d 847, 849 (8th Cir. 2006).[1]  A court will not inquire into the reasons for delay until actual prejudice is shown.  *See United States v. Gladney,* 474 F.3d 1027, 1030-31 (8th Cir. 2007).

To establish actual prejudice, a defendant "must identify specific witnesses or documents lost during the delay and the information they would have provided."  *Jackson,* 446 F.3d at 851.  The defendant "must relate the substance of the testimony which would be offered by the missing witnesses or the information contained in lost documents in sufficient detail to permit a court to assess accurately whether the information is material to the accused's defense."  *United States v. Bartlett,* 794 F.2d 1285, 1290 (8th Cir. 1986).   The defendant also "carries the burden to show the lost testimony or information is not available through other means."  *Gladney,* 474 F.3d at 1031.

---

[1] Defendant seemingly argues that he should not have to prove the second prong of the analysis, *i.e.*, that the government intentionally delayed his indictment either to gain a tactical advantage or to harass him. This is not the law in the Eighth Circuit, which this Court is bound to follow.

"In sum, the defendant must demonstrate that the prejudice *actually* impaired his ability to meaningfully present a defense." Bartlett, 794 F.2d at 1290 (emphasis in original). "[A]ctual prejudice cannot be established by [the] defendant's speculative or conclusory claims of possible prejudice as a result of the passage of time." Gladney, 474 F.3d at 1031.

Defendant has failed to establish actual and substantial prejudice caused by any pre-indictment delay. Defendant claims that several witnesses are now unavailable because they have been released from prison. However, Defendant has not indicated what these witnesses would testify to, nor has he shown that these individuals are, in fact, unavailable. There was no testimony or other information provided at the evidentiary hearing as to any efforts to locate these individuals.[2] Any prejudice claimed by Defendant due to possible unavailability of witnesses is entirely speculative.

Additionally, there has been no showing that Defendant cannot get the information he needs through other means.[3] Some of the potential witnesses are still incarcerated and can be contacted to determine what information they can provide. In addition, all telephone calls from a correctional facility are recorded and documented. Therefore, the information Defendant seeks could potentially be obtained through prison records. Moreover, the telephone calls the government intends to use in this case were recorded, documented, and provided to Defendant. Also, the government asserts that it will prove its theory of the case with evidence known and available to Defendant. The government contends that its case is going to be proven through a cooperating witness who communicated with Defendant during the conspiracy. (TR. 14.) The government asserts that this witness will identify the recorded telephone calls of Defendant, identify Defendant's voice, and give testimony as to what they were discussing in these telephone calls. (TR. 14-15.) Defendant is aware of the identity and whereabouts of the cooperating witness.

---

[2] The Court notes that the potential witnesses who have been released from prison were serving a federal sentence. Therefore, upon their release from prison, each of them would have been on supervised release. Thus, these individuals could potentially be located through probation.

[3] It is not entirely clear what specific information Defendant seeks. It seems Defendant wants information and evidence about his role in the alleged conspiracy that would be helpful to his defense. (Filing No. 24.)

3

(TR. 16-17.) Prison staff will identify Defendant's use of other inmates' phone privileges. ([Filing No. 32](#).)

In short, Defendant has not shown that there has been any prejudice that has impaired his ability to meaningfully present a defense. Because Defendant has not established that there has been actual and substantial prejudice caused by the alleged delay in prosecution, the undersigned will recommend that Defendant's motion be denied.[4]

Accordingly,

**IT IS HEREBY RECOMMENDED** to United States District Court Judge Laurie Smith Camp that Defendant's Motion for Dismissal ([Filing No. 23](#)) be denied.

Dated this 29th day of November, 2018.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge

**ADMONITION**

Pursuant to NECrimR 59.2, any objection to this Findings and Recommendation shall be filed within fourteen (14) days after being served with a copy of this Findings and Recommendation. Failure to timely object may constitute a waiver of any such objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

---

[4] Due to Defendant not showing actual and substantial prejudice, the Court has not addressed whether the government intentionally delayed Defendant's indictment to gain a tactical advantage or harass him.

4